**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __7__

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Sonder Hospitality USA Inc.** |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **84-3728502** |

| | |
|---|---|
| **4.** | **Debtor's address** |

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **447 Sutter Street** **Suite 405, #542** **San Francisco, CA 94108** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **San Francisco** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | **www.sonder.com** |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | **Sonder Hospitality USA Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

7211

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

**Voluntary Petition for Non-Individuals Filing for Bankruptcy**

Debtor    **Sonder Hospitality USA Inc.**                                    Case number *(if known)* _____

Name

List all cases. If more than 1,
attach a separate list

Debtor    **See Schedule 1 Attached**                Relationship    _____

District    _____    When _____    Case number, if known    _____

---

**11. Why is the case filed in** *Check all that apply:*
**this district?**

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or** ■ No
**have possession of any**
**real property or personal** ☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property that needs**
**immediate attention?**

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of** . *Check one:*
**available funds**

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of**
**creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ■ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ■ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ■ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor  **Sonder Hospitality USA Inc.**                                    Case number (*if known*) _____
_____
Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **November 14, 2025**
MM / DD / YYYY

**X** **/s/ Janice Sears**                                    **Janice Sears**
Signature of authorized representative of debtor          Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

**X** **/s/ Laura Davis Jones**                    Date **November 14, 2025**
Signature of attorney for debtor                              MM / DD / YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-652-4100**       Email address  **ljones@pszjlaw.com**

**2436 DE**
Bar number and State

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

1.  Sonder Holdings Inc.
2.  Sonder Group Holdings LLC
3.  Sonder Guest Services LLC
4.  Sonder Holdings LLC
5.  Sonder Hospitality Holdings LLC
6.  Sonder Hospitality USA Inc.
7.  Sonder Partner Co.
8.  Sonder Technology Inc.
9.  Sonder USA Inc.
10.  Sonder Germany GmbH

**UNANIMOUS WRITTEN**
**CONSENT OF THE AUTHORIZING BODY**
**OF EACH OF THE ENTITIES LISTED ON SCHEDULE I HERETO**

November 13, 2025

The undersigned, being the managing member, the sole member, all of the members of the boards of directors or managers, or other governing body (each, an "Authorizing Body," and collectively, the "Authorizing Bodies") of each of the entities listed on **Schedule I** attached hereto (each, a "Company," and collectively, the "Companies"), pursuant to the applicable laws of each jurisdiction in which each of the Companies is organized or incorporated, as applicable, and the applicable governing documents of the Companies (collectively, the "Governing Documents"), acting by written consent in lieu of a meeting, do hereby unanimously consent to the adoption of the following resolutions (the "Resolutions") and direct that this action by unanimous written consent be filed in the records of the Companies.

WHEREAS, on September 23, 2025, the Board of Sonder Holdings Inc. (such Company, "Sonder Inc." and the board of directors thereof, the "Sonder Inc. Board") determined, in an exercise of its business judgment, that it was advisable and in the best interests of Sonder Inc. to constitute a special committee of the Sonder Inc. Board (the "Special Committee"), initially comprised of Michelle Frymire, Paul Aronzon, and Jeffrey Stein (Paul Aronzon and Jeffrey Stein, collectively, the "Disinterested Directors"), for the purpose of (a) engaging in an evaluation of a strategic transaction or a series of strategic transactions (the "Transaction") and (b) solely with respect to the Disinterested Directors, taking any necessary action related to any matter related to a Transaction in which a conflict exists or is reasonably likely to exist between Sonder Inc., on one hand, and any of its equity holders, affiliates, subsidiaries, directors, managers, and officers, or other stakeholders (collectively, the "Related Parties"), on the other hand (collectively, "Conflict Matters");

WHEREAS, to the fullest extent permitted by applicable law and without limiting the authority of the Sonder Inc. Board other than with respect to Conflicts Matters, the Sonder Inc. Board granted the Special Committee authority to review, discuss, consider, negotiate, and make one or more recommendations to the Sonder Inc. Board regarding Sonder Inc.'s entry into and consummation of a Transaction;

WHEREAS, the Sonder Inc. Board authorized the Special Committee to take any and all actions with respect to any review, discussion, consideration, deliberation, examination, investigation, analysis, assessment, evaluation, exploration, response, and negotiation, on behalf of Sonder Inc., of the terms and conditions of any Transaction, including, without limitation, to: (a) review and evaluate any Transaction and consider whether or not it is fair to and in the best interests of Sonder Inc., its subsidiaries, and its respective stakeholders to proceed with a Transaction; (b) consult with management and Sonder Inc.'s advisors with respect to discussions and negotiations regarding the terms and conditions of a Transaction and other communications regarding any Transaction; and (c) consider such other matters as may be requested by officers of Sonder Inc. or the Sonder Inc. Board or take such further actions or consider such other matters as it may deem advisable in connection with the foregoing;

WHEREAS, the Special Committee has determined and reported to the Sonder Inc. Board that, in the judgment of the Special Committee, including the Disinterested Directors of the Special Committee, the actions, transactions and documentation contemplated herein are advisable and in the best interests of Sonder Inc., its stakeholders, its subsidiaries, its creditors and the other parties in interest, and has recommended approval of the same by the Sonder Inc. Board;

WHEREAS, the Authorizing Bodies have reviewed the historical performance of the Companies, the market for the Companies' products and services, and the current and long-term liabilities of the Companies;

WHEREAS, over the course of October, the Companies and their legal and financial advisors were engaged in extensive hard-fought, good faith, and arms'-length negotiations with a third party (the "Prospective Lender/Purchaser") regarding the terms and provisions of (a) a debtor-in-possession financing facility (such financing, the "DIP Financing," and such facility, the "DIP Facility") and (b) a stalking horse purchase agreement for the sale of substantially all of the Companies' assets (the "Stalking Horse APA");

WHEREAS, the Companies and their financial advisors, simultaneously with the DIP Facility and the Stalking Horse APA negotiations, pursued alternatives to the DIP Financing and the Stalking Horse APA, while also closely monitoring the Companies' challenged and rapidly deteriorating liquidity position;

WHEREAS, on November 2, 2025, the Prospective Lender/Purchaser suddenly and unexpectedly indicated to the Companies and their advisors that it was withdrawing from negotiations regarding the contemplated DIP Financing and Stalking Horse APA;

WHEREAS, no actionable alternative transaction materialized;

WHEREAS, on November 6, 2025, the Companies obtained incremental financing from Marriott International, Inc. ("Marriott") to fund certain critical short-term obligations;

WHEREAS, on November 7, 2025, Marriott terminated its license agreement with the Companies, thereby materially impairing the Companies' ability to continue operating as a going-concern;

WHEREAS, the Companies' management and advisors engaged in extensive negotiations with various parties regarding the potential provision of additional financing, but no such financing is available;

WHEREAS, in light of the withdrawal by the Prospective Lender/Purchaser from the DIP Financing and the Stalking Horse APA negotiations and generally, the absence of any other parties able and willing to execute a transaction on the timeline required by the Company's significantly strained liquidity, the termination of the license agreement by Marriott, the Companies' imminent liquidity shortage and inability to raise or otherwise access immediately necessary capital, and the unprofitability of the Companies, the Companies and the Authorizing Bodies determined, in the exercise of their sound business judgment, that it was in the Companies' best interest to winddown the operations of the Companies and their subsidiaries;

WHEREAS, the Authorizing Bodies have reviewed and considered certain materials presented by, or on behalf of, the Companies' management team and legal and financial advisors regarding the liabilities, obligations, and liquidity of the Companies, the lack of strategic and financial alternatives available to them, and the effect of the foregoing on each Companies' business and operations, and have had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the alternatives available to the Companies; and

WHEREAS, the Authorizing Bodies have determined to their reasonable satisfaction that the value of each Company's assets is insufficient to satisfy the liabilities of each Company.

NOW, THEREFORE, BE IT RESOLVED, that, pursuant to the applicable Governing Documents of each Company, the undersigned do hereby adopt the following resolutions:

RESOLVED, THEREFORE, that in the business judgment of the Authorizing Bodies, after consideration of the alternatives presented to them, the recommendations of senior management of the Company, and the advice of the Companies' professionals and advisors, that it is in the best interests of each Company, and its creditors, members, and other interested parties, that a voluntary petition be filed by each Company under the provisions of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED, that any director, manager, or duly appointed officer of each Company (each, an "Authorized Officer") be, and they hereby are, authorized to execute and file on behalf of the Companies all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem necessary or proper to obtain such relief;

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel to the Companies to represent and assist the Companies in filings under chapter 7 of the Bankruptcy Code;

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ AlixPartners, LLP as financial advisor to the Companies to represent and assist the Companies in filings under chapter 7 of the Bankruptcy Code;

RESOLVED, that the Authorized Officers are authorized, empowered and directed to take any and all further action and to execute and deliver any and all such further instruments and documents and to pay all such expenses, where necessary or appropriate, in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that all actions taken by the Authorized Officers prior to the date hereof in connection with the possible liquidation of the Company or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved;

RESOLVED, that the Authorizing Bodies hereby adopt and incorporate by reference any form of specific resolution to carry into effect the intent and purpose of the foregoing Resolutions, or to cover authority included in matters authorized in the foregoing

3

Resolutions, including forms of resolutions in connection therewith that may be required by any state, other jurisdiction or other institution, person or agency, and a copy of these Resolutions shall be filed with the records of the meetings of the Authorizing Bodies and certified as duly adopted thereby;

RESOLVED, that the Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the Resolutions of the Authorizing Bodies;

RESOLVED, that (a) the foregoing Resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these Resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument, and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Authorizing Bodies and the Companies; and

RESOLVED, that this consent shall become effective as of the date first set forth above upon each Company's receipt of the executed counterpart signature pages from the respective members of each Authorizing Body.

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of each Authorizing Body, duly called and constituted, pursuant to the applicable laws of the jurisdiction in which each Company is organized.

## Schedule I

Sonder Holdings Inc.

Sonder Holdings LLC

Sonder Group Holdings LLC

Sonder Technology Inc.

Sonder Hospitality USA Inc.

Sonder Partner Co.

Sonder USA Inc.

Sonder Guest Services LLC

Sonder Hospitality Holdings LLC

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of Sonder Holdings Inc. have executed this Action by unanimous written consent (the "Action") effective as of the date set forth above.  This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**SONDER HOLDINGS INC.**

DIRECTORS

*Janice Sears*
Janice Sears

*[signature]*
Frits van Paasschen

*Michelle Frymire*
Michelle Frymire

*[signature]*
Sanjay Banker

*Simon Turner*
Simon Turner

*Erin Wallace*
Erin Wallace

*Jeffrey S. Stein*
Jeffrey Stein

*Paul Aronzon*
Paul Aronzon

*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Boards of Directors of Sonder USA Inc., Sonder Technology Inc., Sonder Hospitality USA Inc., and Sonder Partner Co. have executed this Action by unanimous written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**SONDER USA INC.**
**SONDER TECHNOLOGY INC.**
**SONDER HOSPITALITY USA INC.**
**SONDER PARTNER CO.**

DIRECTORS

DocuSigned by:

*Janice Sears*

C105E6E317/91419...

Janice Sears

DocuSigned by:

*Vanessa Barmack*

1EE818BF8BBD4AB...

Vanessa Barmack

*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned has executed this unanimous written consent of the sole member as of the date first written above.

**SONDER HOLDINGS LLC,**
**AS SOLE MEMBER OF SONDER**
**GROUP HOLDINGS LLC**

By: _____
*Vanessa Barmack*

Name:  Vanessa Barmack
Title:    Secretary and General Counsel

**SONDER USA INC.,**
**AS SOLE MEMBER OF SONDER**
**HOSPITALITY HOLDINGS LLC**

By: _____
*Vanessa Barmack*

Name:  Vanessa Barmack
Title:   Secretary and General Counsel

**SONDER HOSPITALITY USA INC.,**
**AS SOLE MEMBER OF SONDER**
**GUEST SERVICES LLC**

By: _____
*Vanessa Barmack*

Name:  Vanessa Barmack
Title:   Secretary and General Counsel

**SONDER HOLDINGS INC.,**
**AS SOLE MEMBER OF SONDER**
**HOLDINGS LLC**

By: _____
*Vanessa Barmack*

Name:  Vanessa Barmack
Title:   Secretary and General Counsel

*[SIGNATURE PAGE TO ACTION BY UNANIMOUS WRITTEN CONSENT]*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| SONDER HOSPITALITY USA INC., | Case No. 25-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's stock, or states that there are no entities to report under FRBP 7007.1.

Name:        Sonder Holdings LLC
Address:     447 Sutter St.
             Suite 405, #542
             San Francisco, California 94108.

**Fill in this information to identify the case:**

Debtor name  **Sonder Hospitality USA Inc.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
  amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **November 14, 2025**     X **/s/ Janice Sears**
                                         Signature of individual signing on behalf of debtor

                                         **Janice Sears**
                                         Printed name

                                         **Authorized Signatory**
                                         Position or relationship to debtor

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### District of Delaware

In re  **Sonder Hospitality USA Inc.** _____ Case No. _____

Debtor(s)                                              Chapter   **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **196,958.00** |
| Prior to the filing of this statement I have received | $ | **196,958.00** |
| Balance Due | $ | **0.00** |

2. $  **338.00**   of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor     ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

5. ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. [Other provisions as needed]
      **Preparation and filing of any Petition, and representation of the Debtor at any meeing of creditors under section 341 of the Bankruptcy Code.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
      **(a) Representation of the Debtor's officers, directors, or other employees or agents, (b) Representation of the Debtor in any matter, adversary proceeding, or other claim filed or asserted by the Debtor or a party in a chapter 7 case of the Debtor, (c) Representation of the Debtor on issues of non-bankruptcy law, or the provision of substantive legal advice outside the insolvency area, unless we agree to represent the Debtor in such matters, and (d) advice or representation regarding matters of taxation, labor, securities, ERISA, probate/estate planning, criminal, or other non-bankruptcy or non-debtor/creditor specialties of the law.**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November 14, 2025** _____          **/s/ Laura Davis Jones** _____
_Date_                                                   **Laura Davis Jones**
                                                         _Signature of Attorney_
                                                         **Pachulski Stang Ziehl & Jones LLP**
                                                         **919 North Market Street**
                                                         **17th Floor**
                                                         **Wilmington, DE 19801**
                                                         **302-652-4100  Fax: 302-652-4400**
                                                         **ljones@pszjlaw.com**
                                                         _Name of law firm_