IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| SONDER HOSPITALITY USA, INC., | ) | Case No. 25-12046-KBO |
| | ) | |
| Debtor. | ) | |
| | ) | |

**EMERGENCY MOTION OF 284 HEXAGON, LLC FOR ENTRY OF AN
ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY
TO TAKE PROTECTIVE MEASURES RETROACTIVE TO THE PETITION DATE**

Pursuant to Section 362(d)(1) of the United States Bankruptcy Code (the "Bankruptcy Code"), 284 Hexagon, LLC ("Hexagon"), the landlord of the premises located at 284 Commonwealth Avenue, Boston, MA (the "Leased Premises") leased to Sonder Hospitality USA, Inc. ("Sonder" or the "Debtor") files this *Emergency Motion of 284 Hexagon, LLC for Entry of an Order Granting Relief from the Automatic Stay to Take Protective Measures Retroactive to the Petition Date* (the "Motion"). In support of this Motion, Hexagon respectfully states as follows:

**PRELIMINARY STATEMENT**[1]

Immediately prior to filing bankruptcy on Friday, November 14, 2025, Sonder abruptly announced publicly that it was ceasing its rental operations and pursuing a liquidation of its assets through Chapter 7 of the Bankruptcy Code. Prior to its bankruptcy filing, Sonder posted a notice on the door of the Leased Premises advising readers that the property was closed and directing guests to contact Marriott regarding any reservations. That same day, Sonder caused the keys to all guest rooms at the Leased Premises to be returned to Hexagon. Hexagon requires

---

[1] Terms utilized but not otherwise defined in the Preliminary Statement shall have the meanings ascribed to them in the body of this Motion.

expedited relief from the automatic stay to protect the property from imminent and immediate harm. The Leased Premises are located in Boston, Massachusetts where temperatures this time of year routinely drop below freezing and, if not properly secured and maintained, the pipes within the building of the Leased Premises will freeze and the property will sustain significant damage. To prevent such damage, Hexagon has begun the process to secure the property and transfer the necessary utilities into Hexagon's name (the "Protective Measures"). Prior to filing this Motion, counsel to Hexagon discussed the need for the Protective Measures with counsel to the Trustee. Counsel to the Trustee has advised it consents to the relief requested herein.

Thus, good "cause" exists for entry of an order granting Hexagon relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code to permit Hexagon to take the Protective Measures to ensure the Leased Premises are not damaged.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Hexagon confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code section 362(d), Bankruptcy Rule 4001 and Local Rule 4001-1.

## BACKGROUND

4. On November 14, 2025 (the "Petition Date"), Sonder and nine of its affiliates (collectively, the "Debtors") filed separate voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On November 17, 2025, Jami B. Nimeroff, Esq. was appointed as the Chapter 7 trustee of the Debtors' estates (the "Trustee") [D.I. 14].

6. Hexagon is the owner and lessor of the Leased Premises, which consists of 23 rooms located on all four levels of the building and the rooftop level.

7. On June 30, 2021, Hexagon and Sonder entered into a written lease for the Leased Premises, as amended (the "Lease"), a true and accurate copy of which is attached hereto as **Exhibit A**. Pursuant to the Lease, Sonder is responsible for, among other things, obtaining and maintaining heat for the building. Lease § 6.4.

8. On Tuesday, November 11, 2025, Hexagon learned that Sonder publicly announced that it had ceased operations and planned to file for bankruptcy under Chapter 7 of the Bankruptcy Code.

9. That same day, Hexagon served a written notice of default under section 20.1.1 of the Lease on account of Sonder's failure to pay rent of $80,934.52 due on November 1, 2025 (the "Notice"). A true and correct copy of the Notice served on Sonder is attached hereto as **Exhibit B**.

10. Also on Tuesday, November 11, 2025, Hexagon's representative, Matthias Kiehm, spoke with Yvonne Perrone, General Manager at Sonder, who informed Mr. Kiehm that the rooms

3

at the Leased Premises were no longer occupied. That same day, Sonder caused all keys to the guestrooms to be returned to Hexagon and provided access to the Leased Premises through the Leased Premises' only passcode.

11. Additionally, Sonder posted a NOTICE OF CLOSURE on the front door of the building (the "Notice of Closure") that states:

> **"NOTICE OF CLOSURE**
>
> This Sonder Property is now closed. All operations have ceased as of November 10, 2025.
>
> If you have an active reservation for this property, please contact Marriott Customer Care at 1-800-535-4028.
>
> We sincerely apologize for the disruption and thank you for understanding.
>         -The Sonder Team."

A true and accurate copy of the Notice of Closure is attached hereto as **Exhibit C**.

12. After learning of Sonder's abandonment of the property, Hexagon began taking the Protective Measures to secure and protect the Leased Premises, including transferring certain utilities to its name to ensure the building is heated to prevent pipes from freezing.

## RELIEF REQUESTED

13. By this Motion, Hexagon seeks entry of an order pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1 granting relief from the automatic stay retroactive to the Petition Date to permit Hexagon to take the Protective Measures to prevent damage to the Leased Premises and granting such other relief as the Court deems just and proper.

## BASIS FOR RELIEF

14. The automatic stay set forth in Bankruptcy Code section 362(a) is not meant to be indefinite or absolute and this Court has the power to grant relief from the automatic stay in

appropriate circumstances.  *See In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *In re Wedgewood*, 878 F.2d 693, 697 (3d Cir. 1989)).

15. Pursuant to Bankruptcy Code section 362(d)(1), upon notice and a hearing, a court may lift the automatic stay for "cause."  11 U.S.C. § 362(d).  The decision of whether to lift the stay for cause under section 362(d) is committed to the sound discretion of the bankruptcy court and is reviewed only for an abuse of discretion.  *In re C&S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995); *In re American Classic Voyages, Co.*, 298 B.R. 222, 225 (D. Del. 2003).

16. "Cause" is not defined under section 362(d) of the Bankruptcy Code and is generally determined on a case-by-case basis after looking at the "totality of the circumstances." *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *In re Rexene Products*, 141 B.R. at 576 (citing *Int'l Bus. Machines v. Fernstrom Storage and Van Co.* (*Matter of Fernstrom Storage and Van Co*) 938 F.2d 731, 735 (7th Cir. 1991)).

17. In evaluating whether "cause" exists to modify the stay, "[a] court may consider the policies reflected in the bankruptcy code, and the interests of the debtor, other creditors and any other interested parties."  *See In re Mu'min*, 374 B.R. 149, 164 (Bankr. E.D. Pa. 2007) (citing *In re Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004)); *see also Izzarelli v. Rexene Prods. Co.* (*In re Rexene Prods. Co.*), 141 B.R. 574, 576 (Bankr. D. Del. 1992).  Courts will consider: (i) the hardship to the estate if stay relief is granted; (ii) the hardship to the movant if stay relief is not granted; and, where an underlying dispute is at issue, (iii) the underlying merits.  *See, e.g., In re Rexene Prods. Co.*, 141 B.R. at 576.  A balancing of the relative hardships in this case favors lifting the automatic stay to permit Hexagon to take the Protective Measures to prevent damage to the Leased Premises.

18. First, there is no prejudice to the Debtors in authorizing Hexagon to take the Protective Measures. The Debtors essentially have abandoned the Leased Premises. The Protective Measures are necessary to ensure the Leased Premises are not damaged, which will benefit the bankruptcy estates by avoiding unnecessary and potentially significant administrative expense claims related to the property.

19. Second, Hexagon will suffer significant damages if the automatic stay is not lifted to permit Hexagon to implement the Protective Measures. If Hexagon is not permitted to implement the Protective Measures and ensure heat is restored to the Leased Premises, the pipes in the building will freeze and rupture resulting in significant damage to the property and rendering it uninhabitable absent significant and costly remediation.

20. Third, it is certain that Hexagon will prevail on the merits of its case against the Debtors. The Debtors are in substantial arrears to Hexagon and their public announcements confirm that they have no ability to make the required payments under the Lease or to otherwise protect the property from harm. Accordingly, cause exists to grant Hexagon relief from the automatic stay to permit it to take the Protective Measures to ensure the Leased Premises are properly maintained and the pipes do not freeze.

21. The balancing of the equities favors granting retroactive relief from the automatic stay. Given the Debtor's abrupt cessation of business and the risk of damage to the Leased Premises if certain utility services are not promptly restored, Hexagon requests that the Court grant relief from the automatic stay retroactively to the Petition Date so it may continue to implement the Protective Measures.

22. The Third Circuit applies a "balancing of the equities" test to assess whether retroactive relief of the automatic stay is warranted, citing the most important factors as (1) whether

the creditor was aware of the filing or encouraged the violation of the stay; (2) whether the debtor engaged in inequitable, unreasonable or dishonest behavior; and (3) whether the creditor would be prejudiced. *In re Myers*, 491 F.3d 120, 129 (3d Cir. 2007) (citing *Nat'l Envtl. Waste Corp. v. City of Riverside* (*In re Riverside*) 129, F3d 1052, 1054-55 (9th Cir. 1997).

23. Here, the balance of the equities favors retroactively annulling the stay to the Petition Date. First, the Debtors not only publicly announced their closure and plan to file for bankruptcy but also confirmed to Hexagon that the Leased Premises had been vacated. Second, Sonder's abrupt cessation of business and abandonment of the Leased Premises during the winter season in Boston triggered an urgent need for Hexagon to secure the Leased Premises and to coordinate the provision of certain utility services to prevent the pipes in the building from freezing. Third, any delay in providing the Protective Measures, including the provision of basic utility services such as heat to the building risks significant damage to the Leased Premises and Hexagon. Thus, "cause" exists under Bankruptcy Code section 362(d)(1) to lift the stay effective as of the Petition Date to permit Hexagon to continue to implement the Protective Measures.

## REQUEST FOR WAIVER OF STAY

24. Hexagon seeks a waiver of any stay of the effectiveness of an order approving this Motion. Pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(4) "is stayed for 14 days after it is entered." Hexagon requests that any order entered granting the Motion be effective immediately so that Hexagon may continue to implement the Protective Measures. The Debtor's cessation of business and risk of damage to the Property if utility services are not maintained constitutes cause sufficient to justify the waiver of the 14-day stay imposed by Bankruptcy Rule 4001(a)(4).

**RESERVATION OF RIGHTS**

25. Hexagon reserves its right to amend and supplement the issues raised in this Motion in connection with any hearing on the Motion, including through the assertion of additional or more detailed grounds for the granting of the relief requested under this Motion. Hexagon also reserves its right to seek further relief from this Court, including injunctive relief. Hexagon does not waive any rights with respect to any claims it may now or in the future have against the Debtors and reserves all rights with respect thereto.

**NOTICE AND NO PRIOR REQUEST**

26. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Debtors; (b) the Office of the United States Trustee; (c) the Chapter 7 trustee appointed in these cases; and (d) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Hexagon submits that no other or further notice is required.

27. No previous request for the relief sought in this Motion has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, Hexagon respectfully requests that the Court enter an order (i) granting Hexagon relief from the automatic stay effective as of the Petition Date to continue to implement the Protective Measures and take all actions necessary to secure and protect the Leased Premises; (ii) waiving the fourteen-day notice period under Bankruptcy Rule 4001(a)(3); and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 19, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Kimberly A. Brown (No. 5138)<br>George A. Williams III (No. 6964)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: brown@lrclaw.com<br>          williams@lrclaw.com<br><br>-and-<br><br>**PRINCE LOBEL TYE, LLP**<br>Mark W. Powers, Esq. (*pro hac vice pending*)<br>One Mercantile Street, Suite 220<br>Worcester, MA 01608<br>Telephone: (508) 318-1740<br>Facsimile:  (508) 318-1746<br>Email: mpowers@princelobel.com<br><br>*Attorneys for 284 Hexagon, LLC* |