**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| SONDER HOSPITALITY USA INC. | ) | Case No. 25-12046 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**GLOBAL NOTES AND STATEMENTS OF**
**LIMITATIONS, METHODOLOGY, AND DISCLAIMERS**
**REGARDING THE DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Sonder Holdings Inc. and its debtor affiliates in the above-captioned chapter 7 cases (collectively, the "Debtors"), are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[1]

The Debtors have historically prepared consolidated quarterly and annual financial statements in accordance with accounting principles generally accepted in the United States of America ("GAAP"). The Schedules and Statements, however, are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a standalone, unconsolidated basis. The financial information contained in the Schedules and Statements is limited in scope, covers a limited time period, has been prepared solely for the purpose of the Debtors' compliance with disclosure obligations in chapter 7, and is presented on a preliminary and unaudited basis. As such, the Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with GAAP or international financial reporting standards ("IFRS"), or any other accounting standards, nor do the

---

[1] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared any portion of the Global Notes with respect to any individual Debtor's Schedules and Statement and not to those of another Debtor should not be interpreted as a decision by the Debtors to exclude the applicability of such portion of the Global Notes to any of the Debtors' other Schedules and Statements, as appropriate.

Schedules and Statements include all of the information and notes required by any such accounting standards. Upon the application of such standards, the financial information could be subject to changes, which could be material. These Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP or IFRS , nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial and other data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, the authorized signatory has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, each authorized signatory has not (and, practically, could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditors' addresses.

Disclosure of information in one or more of the Schedules, one or more of the Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

1. **Description of the Debtors' Chapter 7 Cases**. The Debtors commenced their voluntary cases under chapter 7 of the Bankruptcy Code on November 14, 2025 (the "Petition Date").

2. **Methodology**.

    a. **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements but have provided financial information for each Debtor entity for the purpose of reporting their Schedules and Statements.

Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors have attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity.  However, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Additionally, assets, liabilities, or cash disbursements inadvertently may have been omitted from the Schedules and Statements.

b.    **Reporting Date**.  Unless otherwise noted, the Schedules and Statements generally reflect the Debtors' books and records as of September 30, 2025, which follows the Debtors' last available fiscal month preceding the commencement of these chapter 11 cases and the date of the Debtors' month-end closure to their balance sheet.

c.    **Confidential or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the privacy of the Debtors' employees and vendors (e.g. home addresses).  The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.

d.    **Consolidated Entity Accounts Payable and Disbursement Systems**.  Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  The Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System").  The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables

(the "Intercompany Claims").  The Debtors maintain records of the Intercompany Claims and Intercompany Transactions.  Intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate or joint venture is a statement of what appears in the Debtors' books and records and is not an admission or concession by the Debtors as to the amount, allowance, characterization, classification, or validity of such account.

In addition, certain of the Debtors act on behalf of other Debtors.  Because the Debtors' historical and current accounting practices have been designed for the preparation of consolidated financial statements and records, in some cases, the Debtors may be unable to ascertain with precision certain intercompany balances among specific Debtors.  Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment.

e.    **Duplication**.  Certain of the Debtors' assets, liabilities, prepetition payments, and executory contracts or unexpired leases may properly be disclosed in response to multiple parts of the Schedules and Statements.  To the extent these disclosures would be duplicative, the Debtors have determined in certain instances to only list such assets, liabilities, and prepetition payments once.  In other instances, the same assets, liabilities, prepetition payments, and executory contracts or unexpired leases inadvertently may be listed more than once.

f.    **Currency and Foreign Currency Conversion**.  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.  The Debtors conduct business in multiple currencies.  Solely for the purpose of preparing the Schedules and Statements, non-U.S. currency amounts have been translated using publicly available prevailing foreign-exchange rates as of the Petition Date.  Such translations are provided for illustrative purposes only and may differ materially from both current market values and market values at the time of the transactions described in the Schedules and Statements.  Due to the fluctuations in exchange rates, the individual translation of specific accounts may not perfectly "balance" or "tie" to other amounts set forth in the Schedules and Statements.  In any case, the original currency of any transaction described in the Schedules and Statements shall control.

g.    **Setoffs**.  The Debtors routinely incur setoffs in the ordinary course of business that arise from various items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, refunds, and negotiations and/or other disputes or reconciliation activities between the Debtors

and their customers or vendors.  In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts may be set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary-course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.

h.    **Leases**.  The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements.  To the extent the Debtors were aware of an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business.  Any outstanding prepetition obligations under such agreements that are known to the Debtors have been included in Schedule F, and the underlying lease agreements have been included in Schedule G.  Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is unexpired, a true lease, a financing arrangement, or a real property interest).

i.    **Liens**.  The inventories, property, and equipment included in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

j.    **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend, modify, and/or supplement the Schedules and Statements as they deem appropriate in this regard.

k.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  If there are unknown or undetermined amounts, the actual totals may differ materially from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt issued by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules may include each Debtor's guarantee obligations, or, where a Debtor's guarantee obligations are contingent on the primary obligor's satisfaction of the guaranteed debt, such amounts may exclude the Debtor's undetermined guarantee obligations.

l.      **Guarantees and Other Secondary Liability Claims**.  The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims ("Guarantees") in their secured financings, debt instruments, leases, and other agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedules of liabilities for the affected Debtor or Debtors.  The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, leases, and other such agreements on Schedule H.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, leases, and other agreements inadvertently may have been omitted.

m.      **Unliquidated Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

n.      **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

o.      **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, and taxes are set forth in the amounts entered in the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.

p.      **Claims of Third-Party Related Entities**.  While the Debtors have made every effort to properly classify each claim set forth in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates set forth in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

## Specific Schedules Disclosures

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules.  Those Schedule-specific notes are incorporated herein by reference.  Unless otherwise noted, the total assets set forth on the Schedules are derived from amounts included in the Debtors' books and records as of September 30, 2025.  To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

6

**Part 1 –  <u>Cash and Cash Equivalents</u>**

       **Schedule A/B 3 – Checking, Savings, or Other Financial Accounts, CDs, etc.**
Schedule A/B 3 lists bank account balances as of the Petition Date.

**Part 2 –  <u>Deposits and Prepayments</u>**

    a.     **Schedule A/B 7 – Deposits**.  The Debtors maintain certain deposits in the ordinary course of business.  These deposits are included in the Schedules for the appropriate legal entity at net book value as of the Debtors' fiscal-month close.  The Debtors have made commercially reasonable efforts to report the current value of any deposits.  The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.

    b.     **Schedule A/B 8 – Prepayments**.  The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers in the ordinary course of business.  The Debtors have made commercially reasonable efforts to report the current value of any prepayments as of the Petition Date.  The Debtors may have inadvertently omitted prepayments and conversely may have reported prepayments that are no longer outstanding.

**Part 3 –  <u>Accounts Receivable</u>**

       **Schedule A/B 11 – Accounts Receivable**.  The Debtors' accounts receivable information set forth in Schedule A/B 11 includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances.  The accounts receivable balances in this section exclude intercompany receivables, which are included instead in Schedule A/B 77.

**Part 4 –  <u>Investments</u>**

       **Schedule A/B 15 – Investments**.  Schedule A/B 15 includes the Debtors' wholly owned subsidiary entities which are directly owned by each Debtor entity.  Subsidiaries owned indirectly by a Debtor are not included.  Values of the ownership interests in subsidiaries included in Schedule A/B 15 have been set forth at undetermined amounts because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Part 7 –  <u>Office Furniture, Fixtures, and Equipment; and Collectibles</u>**

       Furniture, Fixtures, and Equipment ("FF&E") on the Debtors' books and records is fully offset by accumulated depreciation; therefore, FF&E in question 39 is listed at   an undetermined value.

**Part 8 –** <u>**Machinery, Equipment, and Vehicles**</u>

The Debtors' accounting systems, policies, and practices historically have recorded (and continue to record in the ordinary course of business) certain fixed assets in the Debtors' books and records on a combined basis to include furniture, fixtures, certain office equipment (including computer hardware and purchased software), certain leasehold improvements (including mechanical equipment), construction in process, machinery, and other equipment. All of these items are included in Schedule A/B 50 as "other equipment." Dollar amounts are presented net of accumulated depreciation and other adjustments. Actual realizable values of the assets identified may vary significantly relative to net book values presented here.

**Part 9 –** <u>**Real Property**</u>

**Schedule A/B, Part 9, Questions 54-55.** The Debtors' interests in property leases are listed on Schedule A/B, regardless of whether such leases are considered executory contracts or interests in real property in the relevant jurisdiction. The Debtors' listing of such leases and agreements on Schedule A/B is not indicative of whether the Debtors consider or do not consider such leases and agreements unexpired leases or executory contracts. Schedule A/B includes the Debtors' interests in property leases, which are listed at an undetermined value, Schedule G sets forth the supporting leases, assignments and deeds where the same may constitute executory contracts.

Certain of the leases reflected on Schedule A/B may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional property, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B.

The Debtors' failure to list any interests or rights in real or personal property on Schedule A/B should not be construed as a waiver of any such interests or rights that may exist, whether known or unknown at this time.

<u>**Specific Notes Regarding Schedule D**</u>

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Certain of the liens identified herein were identified based on lien searches conducted by the Debtors or their professionals . The Debtors have not confirmed the validity of these liens or the underlying amounts owed in all cases. Therefore, certain of these liabilities are set forth in undetermined amounts and designated contingent, unliquidated, and disputed in order to preserve the right to dispute any purported obligation.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been included on Schedule D.

The Debtors' have not included on Schedule D parties that may believe their claims are secured through set off rights or statutory lien rights. Although there are multiple parties that hold a position of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.

The Debtors' letters of credit and surety bonds are included on Schedule D as contingent and unliquidated and do not reflect the value of any draws or associated claims.

## Specific Notes Regarding Schedule E/F

a.  **Part 1 – Creditors with Priority Unsecured Claims**.  The Debtors have not historically and do not now maintain records of any claims entitled to priority under the Bankruptcy Code in the ordinary course of business.  The inclusion of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.

Certain tax claims owing to various taxing authorities may be subject to ongoing audits.  Accordingly, the amounts of many, if not all, of the tax claims set forth in Schedule E/F, Part 1 remain uncertain, and the Debtors have set forth all such claims as undetermined in amount, pending resolution of ongoing audits or other outstanding issues.

b.  **Part 2 – Creditors with Nonpriority Unsecured Claims**.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records as of October 30, 2025.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented in Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  The Debtors have made reasonable efforts to attribute the liabilities set forth in Schedule E/F to the rightful Debtor; however, in some instances, a liability listed against one Debtor may, in fact, lie against another.

In many cases, the claims set forth on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome, costly, and inefficient, the Debtors have not listed a specific date or dates for such claim.  In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.

Intercompany payables are based upon company records as of September 30, 2025.

Information regarding pending or threatened litigation involving the Debtors is set forth as undetermined in amount and as contingent, unliquidated, and disputed.

**Specific Notes Regarding Schedule G**

The contracts, agreements, and leases set forth on Schedule G may have expired or may have been amended, modified, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be included in Schedule G. Certain leases included in Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not independently set forth on Schedule G. Further, unless otherwise specified in Schedule G, each executory contract or unexpired lease included therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is included thereon.

The Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments, letter agreements, master service agreements, indemnification agreements, award letters, ancillary agreement, and confidentiality agreements, which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission, concession, or stipulation that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, the inclusion of an agreement in Schedule G does not constitute an admission, concession, or stipulation that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.

**Specific Notes Regarding Schedule H**

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedules E/F or G for the respective Debtors subject to such debt.

**Specific Notes Regarding Statements**

a. **Question 1 – Gross Revenue from Business**. The amounts presented for 2025 YTD are non-consolidated and presented in the individual Debtor Statements. For the years 2024 and 2023, revenue is presented on a consolidated basis on the Statements for Debtor Sonder Holdings Inc. and includes revenue (loss) from non-filing foreign related entities.

b. **Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing this Case**. The Debtors omitted various credits shown as negative disbursements, as these are not representative of the actual cash disbursements made by the Debtors. These credit amounts arise from invoicing processes related

10

to contractual changes and various real estate lease amendments and updates. As a result, the total payments and/or transfers over the 90-day period prior to the Petition Date may be overstated.

c.      **Question 4 – Payments or Transfers to Insiders**. The information reported on Statements Question 4 is representative of the total payments made to insiders on behalf of multiple Debtor entities during the one year prior to the Petition Date. For the avoidance of doubt, Statements Question 4 may include payments to individuals who may have been insiders at the time they were employed by the Company but are no longer employed by the Company.

Individual payments by the Debtors to other Debtors or non-Debtor affiliates (including joint ventures) are not set forth in the Debtors' response to Statements Question 4 because of their complexity and voluminous nature. Setting forth such individual payments would be unduly burdensome, costly, and an inefficient use of estate resources.

d.      **Question 11 – Payments Related to Bankruptcy**. All payments made to professionals are listed on the Statements for Sonder Holdings Inc. **Question 26 – Books, Records, and Financial Statements**. From time to time, the Debtors provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements. The Debtors do not maintain detailed records tracking such disclosures, and so such parties are not included in Statements Question 26d.

e.      **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**. Information in response to this question is set forth in Part 2, Question 4.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 7 |
|  | § |  |
| SONDER HOSPITALITY USA | § | Case No. 25-12046 |
|  | § |  |
| INC. | § |  |
|  | § |  |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## Sonder Hospitality USA Inc.

### CASE NO. 25-12046

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Sonder Hospitality USA Inc. |
| United States Bankruptcy Court: | for the District of Delaware |
| Case Number (if known): | 25-12046 |

Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:**   **Income**

1. **Gross Revenue from business**

☐ None.

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | | | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2025 to 09/30/2025 <br> MM/DD/YYYY   MM/DD/YYYY | | ☑ Operating a business <br> ☐ Other _____ | $289,154,409.09 |
| **For prior year** | From 01/01/2024 to 12/31/2024 <br> MM/DD/YYYY   MM/DD/YYYY | | ☐ Operating a business <br> ☐ Other _____ | $0.00 |
| **For the year before that** | From 01/01/2023 to 12/31/2023 <br> MM/DD/YYYY   MM/DD/YYYY | | ☐ Operating a business <br> ☐ Other _____ | $0.00 |

| Part 1: | Income |
|---------|--------|

2. **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None.

|  | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|--|-----------------------------------|--------------------------------------------------|
|  |                                   |                                                  |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers — including expense reimbursements — to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 04/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.1 AVALARA INC<br>255 S. KING ST STE 1800<br>SEATTLE, WA 98104<br>USA | 08/14/2025 | $20,725.99 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | 08/19/2025 | $4.00 | |
| | 08/28/2025 | $104,000.00 | |
| | 09/09/2025 | $20,692.66 | |
| | 09/10/2025 | $4,575.00 | |
| | 09/12/2025 | $1,163,869.24 | |
| | 09/15/2025 | $1,806,310.20 | |
| | 09/17/2025 | $165.00 | |
| | 09/19/2025 | $4.00 | |
| | 09/23/2025 | $58,215.00 | |
| | 10/07/2025 | $13,455.17 | |
| | 10/08/2025 | $4,575.00 | |
| | 10/14/2025 | $2,037,729.79 | |
| | 10/16/2025 | $2.00 | |
| | 10/24/2025 | $3,452.87 | |
| | 11/12/2025 | $1,598,399.04 | |
| | 11/13/2025 | $1,045,549.32 | |
| **TOTAL AVALARA INC** | | **$7,881,724.28** | |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 04/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None.

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reasons for Payment |
|---|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None.

| Creditor's Name and Address | Description of the property | Date | Value of Property |
|---|---|---|---|
| | | | |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None.

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|-----------------------------|-------------------------------------|-------------------|----------------|--------|

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---------------------------------|----------------------|----------------------------|----------------|
| 7.1 1101-43 AVE ACQUISITION LLC V. SONDER HOSPITALITY USA INC., SONDER HOLDINGS INC., SONDER USA INC., AND SONDER CANADA INC. NO. 653840/2020 | REAL ESTATE | SUPREME COURT OF THE STATE OF NEW YORK | PENDING |
| 7.2 1436 LOFT OFFICES, LLC V. SONDER HOSPITALITY USA INC. NO. 20251718130 | REAL ESTATE | CIRCUIT COURT OF COOK COUNTY, MUNICIPAL DEPARTMENT - FIRST DISTRICT | PENDING |
| 7.3 1627 16TH ST NW, LLC V. SONDER HOSPITALITY USA INC. AND SONDER HOLDINGS INC. NO. 2025-CAB-001171 | REAL ESTATE | DC SUPERIOR COURT, COLUMBIA COUNTY | PENDING |
| 7.4 1627 16TH ST NW, LLC V. SONDER HOSPITALITY USA, INC. | REAL ESTATE | DC SUPERIOR COURT, COLUMBIA COUNTY | CONCLUDED |
| 7.5 2925 INDIAN CREEK DR, LLC V. SONDER HOSPITALITY USA INC. AND SONDER HOLDINGS INC. NO.: 2025-003550-CA-01 | REAL ESTATE | FLORIDA 11TH JUDICIAL CIRCUIT, MIAMI-DADE COUNTY | PENDING |
| 7.6 613 NORTH WELLS STREET OWN V. SONDER HOSPITALITY USA INC. | REAL ESTATE | ILLINOIS CIRCUIT COURT, COOK COUNTY | CONCLUDED |
| 7.7 7888 KISSIMMEE, LLC V. SONDER HOSPITALITY USA INC. AND SONDER HOLDINGS INC. NO. 2025-CA-002097-CI | REAL ESTATE | FLORIDA 9TH JUDICIAL CIRCUIT, OSCEOLA COUNTY | PENDING |
| 7.8 ANNA BOILLOT, A MINOR, BY AND THROUGH HER NATURAL FATHER DAVID BOILLOT V. PAPAGO SCOTTSDALE, LLC AND SONDER HOSPITALITY USA INC. | PERSONAL INJURY | SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA | CONCLUDED |
| 7.9 ANNA BOILLOT, A MINOR, BY AND THROUGH HER NATURAL FATHER DAVID BOILLOT V. PAPAGO SCOTTSDALE, LLC AND SONDER HOSPITALITY USA INC. NO. CV2025-014076 | PERSONAL INJURY | SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA | PENDING |
| 7.10 ARENA LIMITED SPV, LLC V. ORLANDO VIEWS LLC, LAZER DERBARMDIGER, NAFTOLY WEBER, SONDER HOSPITALITY USA INC., AND ANY UNKNOWN TENANTS IN POSSESSION OF | REAL ESTATE | CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA | CONCLUDED |

**Part 3:**     **Legal Actions or Assignments**

7050 S. KIRKMAN ROAD,
ORLANDO, FL 32819

| | | | |
|---|---|---|---|
| 7.11 ASHER MYERS, LLC V. SONDER HOSPITALITY USA INC. AND SONDER USA INC. | CONTRACT | 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON, STATE OF LOUISIANA | CONCLUDED |
| 7.12 BARONNE ALLSTARS, LLC V. SONDER HOSPITALITY USA INC. | REAL ESTATE | U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA | CONCLUDED |
| 7.13 BEVERLY TERRACE, INC. V. SONDER HOSPITALITY USA INC. NO. 25SMCV05408 | REAL ESTATE | SUPERIOR COURT OF THE STATE OF CALIFORNIA, LOS ANGELES COUNTY | PENDING |
| 7.14 BIT NLG III INVESTORS LLC V. SONDER HOSPITALITY USA INC. NO. 27-CV-25-19343 | REAL ESTATE | STATE OF MINNESOTA, COUNTY OF HENNEPIN, DISTRICT COURT, FOURTH JUDICIAL DISTRICT | PENDING |
| 7.15 FDG LOCAL TEMPE ASSOCIATES, LLC V. SONDER HOSPITALITY USA INC. NO. CV2025-013346 | REAL ESTATE | MARICOPA COUNTY SUPERIOR COURT, STATE OF ARIZONA | PENDING |
| 7.16 FORTUNA 37 WEST 24TH STREET LLC AND SAFON OWNER LLC V. SONDER HOLDINGS INC., SONDER HOSPITALITY USA INC., AND SONDER USA INC. INDEX NO. 659661/2025 | REAL ESTATE | SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK | PENDING |
| 7.17 GPAI HIGHLANDS, LLC V. SONDER HOSPITALITY USA INC. AND SONDER HOLDINGS INC. NO. 2025CV033280 | REAL ESTATE | DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO | PENDING |
| 7.18 IDA ON MCKINLEY LLC V. SONDER HOSPITALITY USA INC. NO. CV2025-033604 | REAL ESTATE | SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA | PENDING |
| 7.19 INDUS INVESTMENTS, INC. V. SONDER HOSPITALITY USA INC. NO. 25-SM-CV-01033 | REAL ESTATE | SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | PENDING |
| 7.20 JEFFREY KOLESSAR, COURT-APPOINTED RECEIVER OF BONNIS PROPERTIES CAL 701 LP V. SONDER HOSPITALITY USA INC. NO. 25STCV17254 | REAL ESTATE | SUPERIOR COURT OF THE STATE OF CALIFORNIA, LOS ANGELES COUNTY | PENDING |
| 7.21 JESUS MENDOZA AND MARIA LUISA MENDOZA V. SONDER HOSPITALITY USA INC. NO. C-1-CV-25-004581 | REAL ESTATE | COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY, TEXAS | PENDING |
| 7.22 JORGEN DEHLBOM AND ROBERTA NOBRE DA CAMARA V. WPH PROPERTIES LLC AND SONDER HOSPITALITY USA INC. | REAL ESTATE | CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT, MIAMI DADE COUNTY | CONCLUDED |
| 7.23 LA HEALTH SOLUTIONS, LLC V. SONDER HOSPITALITY USA INC. AND THE HARTFORD | WORKER'S COMPENSATION | OFFICE OF WORKER'S COMPENSATION | PENDING |

| **Part 3:** | **Legal Actions or Assignments** | | |
|---|---|---|---|

| | | INSURANCE GROUP<br>NO. 25-02467 | ADMINISTRATION, STATE OF<br>LOUISIANA | |
|---|---|---|---|---|
| 7.24 | LANDESBANK HESSEN-<br>THURINGEN GIROZENTRALE V.<br>29 WEST 34 OWNER LLC, JEFF<br>SUTTON, SUTTON<br>ENVIRONMENTAL LLC, ALDO<br>U.S. INC, GEOX RETAIL EAST<br>INC., SONDER HOSPITALITY USA<br>INC., ENVIRONMENTAL<br>CONTROL BOARD OF THE CITY<br>OF NEW YORK<br>NO. 850386/2025 | LL FORECLOSURE | SUPREME COURT OF THE STATE<br>OF NEW YORK, COUNTY OF NEW<br>YORK | PENDING |
| 7.25 | LL 613 NORTH WELLS STREET V.<br>SONDER HOSPITALITY USA INC.<br>NO. 25-L-2766 | REAL ESTATE | ILLINOIS CIRCUIT COURT, COOK<br>COUNTY | PENDING |
| 7.26 | MARSHA DARLING V. HOGG<br>PALACE LLC AND SONDER<br>HOSPITALITY USA INC.<br>NO. 2024-75561 | PERSONAL INJURY | DISTRICT COURT OF HARRIS<br>COUNTY, TEXAS | PENDING |
| 7.27 | MARSHA DARLING V. HOGG<br>PALACE LLC AND SONDER<br>HOSPITALITY USA INC. | PERSONAL INJURY | DISTRICT COURT OF HARRIS<br>COUNTY, TEXAS | CONCLUDED |
| 7.28 | MISHA VOTRUBA V. SONDER<br>HOSPITALITY USA INC.<br>NO. SC-002506-23 | BREACH OF CONTRACT | CIVIL COURT OF THE CITY OF<br>NEW YORK, SMALL CLAIMS PART | PENDING |
| 7.29 | NEW ORLEANS SUPER BOWL<br>HOST COMMITTEE, INC V.<br>SONDER HOSPITALITY USA INC.<br>NO. 2025-08889 | BREACH OF CONTRACT | CIVIL DISTRICT COURT FOR THE<br>PARISH OF ORLEANS, STATE OF<br>LOUISIANA | PENDING |
| 7.30 | REEP-MF STEWART, LLC V.<br>SONDER HOSPITALITY USA INC.<br>NO. CV2025-026347 | REAL ESTATE | SUPERIOR COURT OF ARIZONA,<br>MARICOPA COUNTY | PENDING |
| 7.31 | ROSE LEAF CLEANING INC. V.<br>SONDER HOSPITALITY USA INC.<br>NO. 1:22-CV-07462-JHR | BREACH OF CONTRACT | UNITED STATE DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT<br>OF NEW YORK | PENDING |
| 7.32 | SONDER HOSPITALITY USA INC.<br>V. DC PORTOFINO PROPERTY,<br>LLC | REAL ESTATE | AAA ARBITRATION, ANAHEIM, CA | CONCLUDED |
| 7.33 | SONDER HOSPITALITY USA INC.<br>V. ISSTA 27TH STREET LLC | REAL ESTATE | SUPREME COURT OF THE STATE<br>OF NEW YORK, COUNTY OF<br>QUEENS | CONCLUDED |
| 7.34 | SONDER HOSPITALITY USA INC.<br>V. PREMIER 130 DUANE LLC<br>NO. 155732/2024 | REAL ESTATE | SUPREME COURT OF THE STATE<br>OF NEW YORK, COUNTY OF NEW<br>YORK | PENDING |
| 7.35 | SONDER HOSPITALITY USA INC.,<br>SONDER USA INC., AND<br>SONDER HOLDINGS INC. V.<br>SADDLE CREEK CORPORATION<br>NO. 352-367105-25 (TRIAL CT);<br>NO. 09-25-00478-CV (APPEAL) | BREACH OF CONTRACT | DISTRICT COURT OF TARRANT<br>COUNTY, TEXAS | PENDING |
| 7.36 | SONDER USA INC. AND SONDER<br>HOSPITALITY USA INC. V. SEAN | REAL ESTATE | SUPERIOR COURT OF<br>CALIFORNIA, COUNTY OF LOS | CONCLUDED |

| Part 3: | Legal Actions or Assignments | | | |
|---|---|---|---|---|

| | THIBODEAU | | ANGELES | |
|---|---|---|---|---|
| 7.37 | SPINE & SCOLIOSIS SPECIALISTS V. SONDER HOSPITALITY USA INC. AND THE HARTFORD INSURANCE GROUP NO. 25-02167 | WORKER'S COMPENSATION | OFFICE OF WORKER'S COMPENSATION ADMINISTRATION, STATE OF LOUISIANA | PENDING |
| 7.38 | SUTTER STREET PROPERTY, LLC V. SONDER HOSPITALITY USA INC. | REAL ESTATE | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | CONCLUDED |
| 7.39 | SYVILLA ANDERSON V. SONDER USA INC., SONDER HOSPITALITY USA INC., AND HERL CLEANING SERVICES LLC | PERSONAL INJURY | CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA | CONCLUDED |
| 7.40 | WEST 2ND AVENUE DEVELOPMENT, LLC V. SONDER HOSPITALITY USA INC.; SONDER HOSPITALITY USA INC. V. ROCKY MOUNTAIN LAUNDRY SOLUTIONS LLC NO. 2025-CV-30725 | BREACH OF CONTRACT | DISTRICT COURT, DENVER COUNTY, COLORADO | PENDING |
| 7.41 | WEST 2ND AVENUE DEVELOPMENT, LLC V. SONDER HOSPITALITY USA INC.; SONDER HOSPITALITY USA INC. V. ROCKY MOUNTAIN LAUNDRY SOLUTIONS LLC NO. 2025-CV-30725 | BREACH OF CONTRACT | DISTRICT COURT, DENVER COUNTY, COLORADO | PENDING |
| 7.42 | WPH PROPERTIES, LLC V. SONDER HOSPITALITY USA INC. NO. 2025-019019-CA-01 | REAL ESTATE | CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA | PENDING |

| Part 3: | Legal Actions or Assignments |
|---|---|

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None.

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|---|---|---|---|---|---|

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None.

| Recipient's Name and Address | Recipient's Relation to Debtor | Description of the Gifts and Contributions | Dates Given | Value |
|---|---|---|---|---|

| Part 5: | Certain Losses |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None.

| Description of the property lost and how the lost occurred | Amount of Payments Received for the Loss | Date of Loss | Value of Property Lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | | |

| Part 6: | Certain Payments or Transfers |
|---|---|

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None.

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor | If not Money, Describe any Property Transferred | Dates | Value |
|---|---|---|---|---|---|

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement.

☑ None.

| Name of Trust or Device | Trustee | Describe any Property Transfered | Dates Transfers Were Made | Total Amount / Value |
|-------------------------|---------|----------------------------------|---------------------------|----------------------|

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

13. **Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|

| Part 7: | Previous Locations |

14. **Previous Addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ None.

| Address | Dates of Occupancy |
|---|---|
| 14.1 500 E 84TH AVE.<br>SUITE A-10<br>THORNTON, CO 80229<br>UNITED STATES | – |
| 14.2 101 15TH ST.<br>SAN FRANCISCO, CA 94103<br>UNITED STATES | – |

| Part 8: | Health Care Bankruptcies |
|---|---|

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No

☑ Yes. State the nature of the information collected and retained.

Names, addresses, phone numbers, credit card numbers, etc.

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

| Part 9: | Personally Identifiable Information |
| --- | --- |

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.
    ☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None.

| Financial Institution Name and Address | Last 4 Digits of Account Number | Type of Account | Date of Closing | Last Balance |
| --- | --- | --- | --- | --- |

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None.

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
| --- | --- |

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None.

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
| --- | --- | --- | --- | --- |
| 20.1 DEN - W - 2ND2488 - A<br>2486-2488 W. 2ND AVENUE<br>DENVER, CO 80223<br>UNITED STATES | | | WAREHOUSE | ☑ No<br>☐ Yes |
| 20.2 NOL - LAFI2725<br>2725-27 LAFITTE STREET<br>NEW ORLEANS, LA 70119<br>UNITED STATES | | | WAREHOUSE | ☑ No<br>☐ Yes |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None.

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| | | | |

**Part 12:**    **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ None.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ None.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ None.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None.

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number (Do not include SSN or ITIN) | Dates Business Existed |
|---|---|---|---|
| 25.1 SONDER GUEST SERVICES LLC<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA<br>94108<br>UNITED STATES | HOSPITALITY COMPANY | NONE | - |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None.

| Name and Address | Dates of Service |
|---|---|
| 26a.1 ALAN MARANDOLA (CORPORATE CONTROLLER)<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | 11/10/2025 - |
| 26a.2 DOMINIQUE BOURGAULT (CHIEF FINANCIAL OFFICER)<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | 03/16/2023 - 12/02/2024 |
| 26a.3 MICHAEL HUGHES (CHIEF FINANCIAL OFFICER)<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | 01/22/2025 - 08/15/2025 |
| 26a.4 RAHUL THUMATI (INTERIM CHIEF ACCOUNTING OFFICER)<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | 01/01/2025 - 11/10/2025 |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None.

| Name and Address | Dates of Service |
|---|---|
| 26b.1 DELOITTE & TOUCHE LLP<br>555 MISSION STREET<br>SAN FRANCISCO, CA 94105-0920<br>UNITED STATES | 11/13/2023 - 11/13/2025 |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |

26. **Books, records, and financial statements**

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None.

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1 ALAN MARANDOLA (CORPORATE CONTROLLER)<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | |

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

26. **Books, records, and financial statements**

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None.

| **Name and Address** |
| --- |

26d.1  SEE GLOBAL NOTES

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|

**Part 13:**     **Details About the Debtor's Business or Connections to Any Business**

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None.

| Name and Address | Position and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1 JANICE SEARS<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | DIRECTOR | |
| 28.2 JANICE SEARS<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | OFFICER - PRESIDENT AND INTERIM CHIEF EXECUTIVE OFFICER | |
| 28.3 SONDER HOLDINGS LLC<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | SHAREHOLDER | 1% |
| 28.4 VANESSA BARMACK<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | OFFICER - SECRETARY AND GENERAL COUNSEL | |
| 28.5 VANESSA BARMACK<br>447 SUTTER ST.<br>SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | DIRECTOR | |

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1 DAVID WATT<br>447 SUTTER ST. SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | DIRECTOR | 05/20/2020 - 05/02/2025 |
| 29.2 DAVID WATT<br>447 SUTTER ST. SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | OFFICER - TREASURER / HEAD OF TREASURY / SR. DIRECTOR OF TREASURY | 01/01/2020 - 05/02/2025 |
| 29.3 FRANCIS DAVIDSON<br>447 SUTTER ST. SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | OFFICER - PRESIDENT AND CHIEF EXECUTIVE OFFICER | 01/01/2020 - 06/24/2025 |
| 29.4 FRANCIS DAVIDSON<br>447 SUTTER ST. SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | DIRECTOR | 11/22/2024 - 06/24/2025 |
| 29.5 MARTIN PICARD<br>447 SUTTER ST. SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | OFFICER - VICE PRESIDENT, REAL ESTATE AND CHIEF REAL ESTATE OFFICER | 01/01/2020 - 09/16/2025 |
| 29.6 MARTIN PICARD<br>447 SUTTER ST. SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | DIRECTOR | 08/15/2025 - 09/16/2025 |
| 29.7 MICHAEL HUGHES<br>447 SUTTER ST. SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | OFFICER - CHIEF FINANCIAL OFFICER AND TREASURER | 05/12/2025 - 08/15/2025 |
| 29.8 MICHAEL HUGHES<br>447 SUTTER ST. SUITE 405, #542<br>SAN FRANCISCO, CALIFORNIA 94108<br>UNITED STATES | DIRECTOR | 05/12/2025 - 08/15/2025 |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|----------|--------------------------------------------------------------------|

30. **Payments, Distributions, or Withdrawals Credited or Given to Insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None.

| Name and Address of Recipient and Relationship to Debtor | Amount | Amount Description | Dates | Reason for Providing the Value |
|---|---|---|---|---|

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ None.

| **Name of Parent Corporation** | **Employer Identification Number of the Parent Corporation** |
|---|---|

**Part 13:**    **Details About the Debtor's Business or Connections to Any Business**

32.  **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None.

| Name of Pension Fund | Employer Identification Number of the Parent Corporation |
|---|---|

| Part 14: | Signature and Declaration |
|---|---|

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:**   11/21/2025

**Signature:**   /s/ Janice Sears                                    Janice Sears, Interim Chief Executive Officer
                                                                       **Name and Title**

Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

☑ No
☐ Yes